UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-14264-CV-ROSENBERG
MAGISTRATE JUDGE REID

SAMMIE LEE KOHN, JR.,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I.  Introduction

The *pro se* Petitioner, **Sammie Lee Kohn, Jr.**, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his convictions and sentences entered in St. Lucie County Circuit Court, Case No. **56-2008-CF-004784**.

This Cause has been referred to the Undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (c); S.D. Fla. Admin. Order 2019-02; and the Rules Governing Habeas Corpus Petitions in the United States District Courts.

For its consideration of the petition, amended petition, and second petition [ECF No. 1, 16, 24]; the Court has received the state's response to this Court's orders to show cause [ECF No. 7, 19], along with a supporting appendix [ECF Nos. 8, 9].

Construing the arguments liberally as afforded *pro se* litigants, pursuant to

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner raises the following grounds:

> **Claim 1**: The state charged Petitioner in a defective Information which was not supported by corroborating evidence. [ECF No. 1 at 8].
>
> **Claim 2**: Defense counsel was ineffective in failing to move for dismissal or for a change of venue where the crimes were committed in Duval County, not St. Lucie County. [ECF No. 16 at 5].
>
> **Claim 3**: The state court violated Double Jeopardy protections when it issued an amended judgment as to count 2. [ECF No. 24 at 8].

After reviewing the pleadings, for the reasons stated in this Report, the Undersigned recommends that the petition be denied because Petitioner is not entitled to relief on the merits.

## II.  Factual and Procedural History

### Charges

Petitioner was arrested on December 1, 2008. [ECF No. 8, Ex. 2]. On December 19, 2008, Petitioner was charged by Information with grand theft of a motor vehicle (Count 1) and with first degree grand theft of $100,000 or more (Count 2). [*Id.* at Ex. 3].

### Judgment/Sentence

Petitioner proceeded to trial which took place in July 2014. [ECF No. 9, Trial Transcripts]. The jury found Petitioner guilty as charged on all counts. [ECF No. 8, Ex. 4]. On September 8, 2014, the court adjudicated Petitioner guilty. [*Id.* at Ex. 5]. The court sentenced Petitioner to thirty years' imprisonment on count 1and five

years' imprisonment on count 2, to run concurrently, with one-hundred-six days jail credit. [*Id.*].

### Direct Appeal

Petitioner appealed to the Fourth District Court of Appeal ("Fourth DCA") filing an initial brief alleging that the convictions and sentences imposed should be vacated as St. Lucie county lacked subject matter jurisdiction over crimes occurring in Duval County, Jacksonville. [*Id.* at Ex. 7, 9-11]. Petitioner raises a similar claim under claim 2 in the instant proceedings.

On September 29, 2016, the Fourth DCA *per curium* affirmed Petitioner's conviction and sentence without a written opinion in *Kohn v. State*, 205 So. 3d 607 (Fla. 4th DCA 2016) *reh'g denied* (Dec. 8, 2016). [*Id.* at Ex. 12-14]. Mandate issued on December 30, 2016. [*Id.* at Ex. 15].

### 28 U.S.C. § 2254 Petition

Petitioner next came to this court filing his original § 2254 petition on July 17, 2017. [ECF No. 1]. The state filed a response to this court's order to show cause, with supporting exhibits, conceding that the petition was timely, arguing that the claim was unexhausted, and addressing the claim on the merits. [ECF Nos. 7, 8, 9]. The Magistrate Judge issued a report finding the sole claim raised, namely, that the state charged Petitioner in a defective Information, was not raised in state court and, therefore, unexhausted and procedurally barred. [ECF No. 12]. Petitioner filed

objections and a motion for leave to amend his petition. [ECF Nos. 13, 14]. The District Court issued an order granting Petitioner's motion for leave. [ECF No. 15].

On July 24, 2018, Petitioner filed an amended complaint in which he raised the sole claim that defense counsel was ineffective in failing to move for dismissal or for a change of venue where the crimes were committed in Duval County, not St. Lucie County. [ECF No. 16 at 5]. The state filed a response to this court's supplemental order to show cause, again conceding that the amended petition was timely, arguing that the claim was unexhausted, and addressing the merits of the new claim. [ECF No. 19].

### Motion to Correct Illegal Sentence in State Court

Meanwhile, Petitioner filed a May 1, 2019 motion to correct illegal sentence as to count 1 in state trial court. [ECF No. 21-2 at 3-21]. Petitioner argued that the thirty-year sentence under count 1 was illegal because it exceeded the statutory maximum of five years. [*Id.* at 1-6]. On May 6, 2019, the state trial court issued an order denying the motion to correct illegal sentence which provided as follows:

> The [Petitioner] correctly notes that the written judgment and sentence reflects a 30-year sentence on Count 1 Grand Theft-Motor Vehicle (F3) and a five-year sentence on Count 2 First Degree Grand Theft (F1). However, it is clear that the court orally announced a thirty-year sentence on First Degree Grand Theft and a five-year sentence on the Grand Theft-Motor Vehicle. See pertinent portions of the transcript attached hereto as Exhibit A. (Trans. at 830, lines 10-17).

> The court finds that this is a clear scrivener's error. *Migdal v. State*, 970 So. 2d 445, 448 (Fla. 4th DCA 2007) (Florida has long

4

recognized a court's inherent power to correct clerical errors.). The [Petitioner] attempts to elevate clear scrivener's error into an illegal sentence. Again, the transcript clearly reflects thirty years on the First-Degree Felony and five years on the Third-Degree Felony. *See Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003) ("A court's oral pronouncement of sentence controls over the written document.").

[*Id.* at 23-24]. The court ordered the clerk to prepare a corrected judgment of conviction and sentencing order reflecting the five-year sentence under Count 1 and the thirty-year sentence under Count 2. [*Id.* at 24].

On May 7, 2019, the clerk entered an amended sentence correcting the original sentence by imposing a five-year sentence as to Count 1 and a thirty-year sentence under Count 2. [ECF No. 21-2 at 7-11].

Petitioner appealed in Case No. 4D19-1990. On October 24, 2019, the Fourth DCA affirmed the trial court's order in *Kohn v. State*, 288 So. 3d 655 (Fla. 4th DCA 2019). Mandate issued November 22, 2019.

After the Fourth DCA rejected Petitioner's argument, Petitioner filed what amounts to a second amended petition in the instant proceedings. [ECF No. 24]. He argues that the state court violated his Double Jeopardy protections when it issued an amended judgment as to count 2 increasing his five-year sentence to thirty years in prison. [*Id.* at 8].

### III. Exhaustion

The Respondent argues that claims 1 and 2 are unexhausted and procedurally defaulted from federal habeas review for a variety of reasons. [ECF No. 7, 19].

However, the state addresses the merits of both claims.

Pursuant to 28 U.S.C. § 2254(b)-(c), petitioners must exhaust their claims before presenting them in a federal habeas petition. When petitioners do not properly present their claims to a state court by exhausting those claims and complying with the applicable state procedure, § 2254 may bar federal review of those claims in federal court. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (relying upon 28 U.S.C. § 2254(b)-(c)). When it is unclear or less efficient to resolve whether the additional restriction in § 2254(d) applies, federal courts may also deny writs of habeas corpus under § 2254 by engaging in *de novo* review, a more favorable standard, as a habeas petitioner would surely not be entitled to a writ under § 2254(d) if the claim would fail under *de novo* review. *See, e.g.*, *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010); *Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014); *Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1109-10 (11th Cir. 2012).

Pursuant to 28 U.S.C. § 2254(b)(2), the Court has authority to address unexhausted claims when a denial is appropriate on the merits. *See also Berguis v. Thompkins*, 560 U.S. 370, 390 (2010). To promote judicial efficiency, the merits of the allegedly unexhausted claims has been addressed within this Report.

### IV. Governing Legal Principles

This Court's review of a state prisoner's federal petition for habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

Pub. L. No. 104–132, 110 Stat. 1214 (1996). "The purpose of [the] AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford v. Warden, GDCP*, 818 F.3d 600, 642 (11th Cir. 2016) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)). In fact, federal habeas corpus review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" *Id.* at 642 (quoting *Hill v. Humphrey*, 662 F.3d 1335, 1343 (11th Cir. 2011)), and is generally limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

The federal habeas court is first tasked with identifying the last state court decision, if any, that adjudicated the claim on the merits. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). The state court is not required to issue an opinion explaining its rationale, because even the summary rejection of a claim, without explanation, qualifies as an adjudication on the merits which warrants deference. *See Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). *See also Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018).

Where the claim was "adjudicated on the merits" in the state forum, § 2254(d) prohibits relitigation of the claim unless the state court's decision was (1) "**contrary**

**to**, or involved **an unreasonable application of**, clearly established Federal law,[1] as determined by the Supreme Court of the United States;" or, (2) "based on an **unreasonable determination** of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Harrington*, 562 U.S. at 97-98. *See also Williams v. Taylor*, 529 U.S. 362, 413 (2000). When relying on § 2254(d)(2), a federal court can grant relief if the state court rendered an **erroneous factual determination**. *Tharpe v. Warden*, 834 F.3d 1323, 1337 (11th Cir. 2016).

Because the "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court," *Burt v. Titlow*, 571 U.S. 12, 20 (2013), federal courts may "grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" *Tharpe*, 834 F.3d at 1338 (11th Cir. 2016) (quoting *Harrington*, 562 U.S. at 102). This standard is intentionally difficult to meet. *Harrington*, 562 U.S. at 102.

Petitioner alleges **ineffective assistance of counsel**. The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the assistance of counsel during criminal proceedings against them. *Strickland v.*

---

[1]"Clearly established Federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the Supreme Court at the time the state court issues its decision. *White v. Woodall*, 572 U.S. 415, 419 (2014); *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

*Washington*, 466 U.S. 668, 684–85 (1984). When assessing counsel's performance under *Strickland*, the court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

To prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate that: (1) his or her counsel's **performance was deficient**, i.e., the performance fell below an objective standard of reasonableness; and, (2) he or she suffered **prejudice** as a result of that deficiency. *Strickland*, 466 U.S. at 687-88.

To establish **deficient performance**, Petitioner must show that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *Strickland, supra*. *See also Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009). The review of counsel's performance should focus on "not what is possible or what is prudent or appropriate but only [on] what is constitutionally compelled." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

Regarding the **prejudice** component, the Supreme Court has explained "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

A court need not address both prongs of *Strickland* if the defendant makes an

insufficient showing on one of the prongs. *Id.* at 697. Further, counsel is not ineffective for failing to raise non-meritorious issues. *Chandler*, 240 F.3d at 917. Nor is counsel required to present every non-frivolous argument. *Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Furthermore, a § 2254 Petitioner must provide factual support for his or her contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir.1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012).

Petitioner also alleges **ineffective assistance of appellate counsel**. To establish ineffective assistance of appellate counsel, the petitioner must show "(1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." *Shere v. Sec'y, Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008) (citing *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Strickland*, 466 U.S. 668 (1984)).

## V. Discussion

Petitioner alleges under **Claim 1** that the state charged Petitioner with a defective information which was not supported by corroborating evidence. [ECF No. 1 at 8].

Where, as here, a defendant waits until after the state rests its case to challenge

the propriety of an information, the defendant must show not only that the charging instrument is "technically defective," but that it is "so fundamentally defective that it cannot support a judgment of conviction." *Ford v. State,* 802 So. 2d 1121, 1130 (Fla. 2001). This Florida rule is "designed to discourage defendants from waiting until after a trial is over before contesting deficiencies in charging documents which could have easily been corrected if they had been pointed out before trial." *Id.*

If the information is merely imperfect or imprecise, the failure to challenge it by motion to dismiss waives the defect. *See State v. Wimberly*, 459 So. 2d 456 (Fla. 5th DCA 1984). However, if the information totally omits an essential element of the crime or is so vague, indistinct or indefinite that a defendant is misled or exposed to double jeopardy, it is fundamentally defective. *Id.*

Petitioner alleges the information did not comply with Florida Rule of Criminal Procedure 3.140. This rule sets forth the requirements of an information and establishes the specific information that a valid charging document must include: a caption; a statement indicating that the prosecution is brought in the name and by the authority of the State of Florida and the appropriate prosecuting attorney; the date of filing; a description of the defendant, i.e., race, gender, date of birth; an allegation of the facts and citation of law violated; the defendant's name; the time and place of the offense; and a signature, under oath, and certification of the State Attorney or designated Assistant State Attorney. Fla. R. Crim. P. 3.140.

The information in Petitioner's case provided as follows:

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL
CIRCUIT OF THE STATE OF FLORIDA,
FOR ST. LUCIE COUNTY

STATE OF FLORIDA

vs.

Sammie Lee Kohn
DOB: 05/07/1976
RACE/SEX: Black/Male

Case No. 56-2008-CF-004784

INFORMATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF
FLORIDA:

BE IT REMEMBERED that BRUCE H. COLTON, State Attorney for
the Nineteenth Judicial Circuit of the State of Florida, prosecuting for
the State of Florida, in St. Lucie County, under oath, information makes
that in St. Lucie County on or about:

Ct. 1. GRAND THEFT-MOTOR VEHICLE
December 1, 2008, Sammie Lee Kohn, did unlawfully and knowingly
obtain or use or endeavor to obtain or to use the property of another, to
wit: a motor vehicle, the property of Edward Castlin as owner or
custodian, with intent to either permanently or temporarily deprive the
true owner of a right to the property or a benefit therefrom or to
appropriate the property to the use of the taker or to the use of any
person not entitled thereto, in violation of Florida Statute 812.014;

Ct. 2. FIRST DEGREE GRAND THEFT
December 1, 2008, Sammie Lee Kohn, did unlawfully and knowingly
obtain or use to endeavor to obtain or to sue the property of another, to-
wit: Boat, Trailer, the property of Port Storage and/or Kathy Leonard
as owner or custodian, of the value of $100,000 or more, with intent to

12

either permanently or temporarily deprive the true owner of a right to the property or a benefit therefrom or to appropriate the property to the use of the taker or to the use of any person not entitled thereto, in violation of Florida Statute 812.014;

contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida.

I do hereby state that I am instituting this prosecution in good faith.

/s Michelle N. McCarter
Assistant State Attorney for
the 19th Judicial Circuit of Florida

STATE OF FLORIDA
County of St. Lucie

Personally appeared before me, Michelle N. McCarter, Assistant State Attorney for the 19th Judicial Circuit of the State of Florida, who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to by the material witnesses as true and which, if true, would constitute the offenses therein charged.

The foregoing instrument was acknowledged before me on this 19th day of December 2008 by Michelle N. McCarter, who is personally known to me and who did take an oath.

/s Kristy M. Miller
Notary Public

[ECF No. 8, Ex. 3]. Florida Statute § 812.014 (2008) provides:

(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:

(a) Deprive the other person of a right to the property or a benefit from the property.

(b) Appropriate the property to his or her own use or to the use of any

13

person not entitled to the use of the property.

In light of the foregoing, the Information charged Petitioner with each element of the offense and did not mislead the Petitioner. Furthermore, the information satisfied all the requirements of Fla. R. Crim. P. 3.140 and set forth the offense with reasonable certainty to enable the accused to prepare his defense and receive constitutional protection against double jeopardy. To the extent Petitioner alleges that the Information was not supported by sworn testimony, his claim also fails. Here, the information provides that the assistant state attorney "who being first duly sworn, says the allegations as set forth in the forgoing information are based upon facts that have been sworn to by material witnesses as true and which, if true, would constitute the offenses therein charged." [ECF No. 8, Ex. 3]. The prosecutor's sworn oath regarding the material witnesses is sufficient under Florida law. *See* Fla. R. Crim. P. 3.140(g).

Applying a *de novo* review, Petitioner's argument under claim 1 fails. *See Berghuis*, 560 U.S. at 390; *Hittson*, 759 F.3d at 1248; *Trepal*, 684 F.3d at 1109-10.

Petitioner alleges under **Claim 2** that defense counsel was ineffective in failing to move for dismissal or for a change of venue where the crimes were committed in Duval County, not St. Lucie County. [ECF No. 16 at 5].

The relevant Florida statute regarding venue provides: "If the acts constituting one offense are committed in two or more counties, the offender may be tried in any

14

county in which any of the acts occurred." Fla. Stat. § 910.05 (2008). Where crimes occur in two counties, a defendant can waive an objection to a venue issue by agreeing to a trial of all issues in one county. *McClellion v. State*, 858 So. 2d 379, 382 (Fla. 4th DCA 2003). Venue is not a jurisdictional prerequisite and does not affect the power of a court to hear a case but is a privilege which may be waived. *Tucker v. State*, 459 So. 2d 306, 308 (Fla. 1984) (quoting *Lane v. State*, 388 So. 2d 1022, 1026 (Fla.1980)). For instance, a plea of guilty in one county, where the information shows that the crime occurred in a different county, waives the venue privilege. *Dean v. State*, 414 So. 2d 1096 (Fla. 2d DCA 1982).

Here, Petitioner was a passenger in a stolen vehicle which was towing a stolen marine vessel and was stopped in St. Lucie County. Petitioner argues that that since the truck and boat were physically and initially stolen in Jacksonville, Florida, jurisdiction adhered only in Duval County as the crime was completed there. Even if defense counsel had challenged the venue, the trial court would have likely denied his motion. When he was stopped in St. Lucie County, he was still in possession of stolen property. Petitioner was still using the property of another with the intent to either temporarily or permanently the other of the property when the officer stopped him in St. Lucie County. *See* Fla. Stat. § 812.014 (2008). Therefore, the state had the authority to charge him in St. Lucie county.

In light of the foregoing, defense counsel was not ineffective in failing to raise

the above argument. Counsel is not ineffective for failing to raise non-meritorious issues. *Chandler*, 240 F.3d at 917. Nor is counsel required to present every non-frivolous argument. *Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Applying a *de novo* review, Petitioner's argument under claim 2 fails. *See Berghuis*, 560 U.S. at 390; *Hittson*, 759 F.3d at 1248; *Trepal*, 684 F.3d at 1109-10.

Petitioner alleges under **Claim 3** that the state court violated Double Jeopardy protections when it issued an amended judgment as to count 2. [ECF No. 24 at 8].

Petitioner was charged with grand theft of a motor vehicle (Count 1) and with first degree grand theft of $100,000 or more (Count 2). [ECF No. 8, Ex. 3]. The jury found him guilty as charged. At the sentencing hearing, the trial court sentenced him as follows:

> [O]n the first-degree grant theft I will adjudicate him guilty, sentence him to thirty years in the Department of Corrections. On the grand theft of a motor vehicle I'll adjudicate him guilty and sentence him to 5 years in the Department of Corrections.

[ECF No. 9 at 830]. Contrary to the sentencing judge's oral pronouncement of the sentence, the written judgment and sentence mistakenly sentenced Petitioner to thirty years on the grand theft of a motor vehicle count and five years on the first-degree grand theft count. [ECF No. 8, Ex. 5].

Due to this mistake, Petitioner moved to correct illegal sentence as to count 1 in state trial court, arguing that the thirty-year sentence under count 1 was illegal because it exceeded the statutory maximum of five years. [ECF No. 21-2 at 3-21].

16

The state trial court issued an order denying the motion, noting that the error was clearly simply a "scrivener's error" and adding that the oral pronouncement of the sentence controls. [*Id.* at 23-24]. The court ordered the clerk to prepare a corrected judgment of conviction and sentencing order reflecting the five-year sentence under Count 1 and the thirty-year sentence under Count 2. [*Id.* at 24]. The Fourth DCA affirmed the trial court's order in *Kohn v. State*, 288 So. 3d 655 (Fla. 4th DCA 2019).

Nothing about the state court's ruling implicates Double Jeopardy. The state court simply corrected a scrivener's error in Petitioner's judgment and sentence to properly reflect the trial court's oral pronouncement of the sentence at the sentencing hearing. As the state trial court correctly noted, Petitioner's amended sentence did not violate Florida law. See *Migdal*, 970 So. 2d at 448 (Florida has long recognized a court's inherent power to correct clerical errors.); *Ashley*, 850 So. 2d at 1268 ("A court's oral pronouncement of sentence controls over the written document.").

The trial court's decision, affirmed by the appellate court, is not contrary to or an unreasonable application of federal constitutional principles. As such, it should not be disturbed here. *See Williams*, 529 U.S. at 413.

### VII. Cautionary Instruction Re *Clisby* Rule

Finally, this Court has considered all of Petitioner's claims for relief, and arguments in support. See *Dupree v. Warden*, 715 F.3d 1295, 1298 (11th Cir. 2013) (citing *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992)). For all of his claims,

Petitioner has failed to demonstrate how the state courts' denial of the claims, to the extent they were considered on the merits in the state forum, were contrary to, or the product of an unreasonable application of, clearly established federal law. To the extent they were not considered in the state forum, as discussed in this Report, none of the claims individually, nor the claims cumulatively, warrant relief. Thus, to the extent a precise argument, subsumed within any of the foregoing grounds for relief, was not specifically addressed here or in the state forum, all arguments and claims were considered and found to be devoid of merit, even if not discussed in detail here.

## VIII.  Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not required.

## IX.  Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, this court should deny a certificate of appealability. Notwithstanding, if petitioner does not agree, Petitioner may bring this argument to the attention of the district judge in objections.

## X. Conclusion

Based upon the foregoing, it is recommended that:

1.     the federal habeas petition be DENIED;

2.     a certificate of appealability be DENIED; and,

3.     the case CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the District Court Judge of an issue

covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1).

     SIGNED this 21st day of July, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:   **Sammie Lee Kohn , Jr.**
     546334
     Wakulla Correctional Institution
     Inmate Mail/Parcels
     110 Melaleuca Drive
     Crawfordville, FL 32327
     PRO SE

     **Mitchell A. Egber**
     Attorney General Office
     1515 N Flagler Drive
     9th Floor
     West Palm Beach, FL 33401-3432
     561-837-5000
     Fax: 561-837-5099
     Email: mitchell_egber@myfloridalegal.com